IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**HOME QUEST MORTGAGE, L.L.C.,**
**and DONNA HUFFMAN,**

   **Plaintiffs,**

   **v.**            Case No.  05-2284 JWL

**AMERICAN FAMILY MUTUAL**
**INSURANCE COMPANY,**

   **Defendant.**

## MEMORANDUM AND ORDER

   This case is an insurance dispute in which a home mortgage broker, Home Quest Mortgage, L.L.C. (Home Quest), and its officer, Donna Huffman (Huffman), have filed suit against their property insurer, American Family Mutual Insurance Company (American Family).  The complaint has two separate counts at issue in this motion.  Plaintiff Huffman advances Count II, and Plaintiff Home Quest advances Count III.

   A fire occurred at Plaintiff Home Quest's building on July 12, 2000.  Based on their property insurance agreement, the parties dispute whether Defendant American Family is obligated to pay for the resulting damages and expenses.  This matter comes before the court on American Family's motion to dismiss Count II and Count III of the complaint.  For the reasons set forth below, American Family's motion is granted in part and denied in part.  As to Count II, the motion is granted without prejudice to Plaintiff's filing an amended complaint with regard to Count II on or before October 21, 2005.  As to Count III, the motion is denied.

### *Standard for Motion to Dismiss*

The court will dismiss a count of the complaint for failure to state a claim only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief," *Poole v. County of Otero,* 271 F.3d 955, 957 (10th Cir.2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)), or when an issue of law is dispositive, *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quotation omitted).

A motion to dismiss "is a harsh remedy which must be cautiously studied . . . to protect the interests of justice." *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1502 (10th Cir. 1995). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Quality Foods v. Latin American Agribusiness Development,* 711 F.2d 989, 995 (11th Cir.1983). A motion to dismiss is "viewed with disfavor, and is rarely granted." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (quoting *Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir. 1992)).

When deciding a motion to dismiss, generally it is unacceptable for the court to look beyond the four corners of the pleadings. *Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir. 2001). Regardless of the parties' allegations in other documents, in deciding this motion "we do not consider those materials." *Moffett v. Halliburton Energy Services, Inc.* 291 F.3d 1227, 1231 n.3 (10th Cir. 2002).

### *Discussion*

Defendant American Family moves to dismiss Count II and Count III of the complaint for several reasons. As to Count II, it argues that the complaint fails to state a claim because it fails to allege all the required elements for negligent infliction of emotional distress. It also argues that Count II is time-barred. As to Count III, American Family argues that the complaint fails to state a claim because Kansas does not recognize the tort of bad faith. Alternatively, it moves that the court strike the allegations in Count III under Fed. Rule Civ. Pro. 12(f).

### *1.  Count II - Failure to Allege a Physical Injury as Part of Negligent Infliction of Emotional Distress*

The dispute over Count II begins with whether Plaintiff Huffman alleges mere negligence, or whether she also alleges wanton, willful, or intentional infliction of emotional distress by Defendant American Family.

If limited to negligent infliction of emotional distress, the allegations in Count II must include an allegation of an actual physical injury to Plaintiff. *Grube v. Union Pacific R. Co.*, 256 Kan. 519, 529, 886 P.2d 845 (1994); *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 274, 662 P.2d 1214 (1983). The requirement of an actual physical injury, however,

3

"does not apply where the injurious conduct is willful or wanton, or the defendant acts with intent to injure." *Id*. *See also Cochrane v. Schneider Nat. Carriers, Inc.*, 968 F. Supp. 613, 616 n.1 (D. Kan. 1997) ("This rule does not apply where the defendant has acted willfully, wantonly, or with an intent to injure.").

In Count II, paragraph 39, Ms. Huffman alleges: "At all times herein mentioned defendant, <u>knew</u> or in the exercise of reasonable care and diligence should have known that its conduct, in failing to properly repair the premises and in its handling of the claim would and in fact did cause great mental, nervous and emotional pain and suffering to plaintiff Huffman." (emphasis added). As American Family argues, the complaint does not allege that Ms. Huffman suffered an actual physical injury. Nevertheless, to the extent Count II alleges that American Family knowingly caused emotional distress to Ms. Huffman, this might reflect an intent to allege more than mere negligence, including perhaps willful, wanton, or intentional infliction of emotional distress. To the extent Ms. Huffman intended to allege only negligence, American Family's motion would be well taken. But, to the extent she intends to allege willful, wanton, or intentional infliction of emotional distress, she should be allowed to proceed upon amending her complaint to clarify the nature of her allegations.

### *2.    Count II - Two-Year Statute of Limitations*

Both parties agree that Count II is subject to a two-year statute of limitations. Indeed, the two-year statute of limitations period applies regardless of whether the complaint alleges either negligent or intentional infliction of emotional distress. *See Hallam v. Mercy Health Center*, 97 P.3d 492, 497, 278 Kan. 339 (2004) (applying K.S.A. 60-513(a)(4) as such).

The fire at issue in this case occurred on July 12, 2000, yet the complaint was not filed until July 7, 2005. Ms. Huffman cites *Moore v. Luther ex. rel Luther*, 291 F. Supp. 2d 1194 (D. Kan. 2003), as support that her "claim arose on the date when the injury was incurred and the emotional impact was felt." *Id*. at 1198-99. In that case, however, the court dismissed the claim after refusing to expand the accrual date because there was not a reasonable connection to the allegedly tortuous activity. *See id.*

Likewise, this court must require a reasonable nexus between the date of the fire and "the date when the injury was incurred and the emotional impact was felt." *Id*. Even if the court were to allow a gap of nearly three years between the date of the fire and the date on which Ms. Huffman's injury arose under Count II, her claim would still be time-barred. Accordingly, Count II is dismissed, but Ms. Huffman may amend if she can allege an accrual date within the applicable two-year statute of limitations.[1]

### 3. *Count III - Bad Faith and Motion to Strike*

Defendant American Family originally filed a motion to dismiss Count III because Kansas does not recognize the tort of bad faith. Plaintiff Home Quest responded that Count III is not for an independent tort of bad faith; instead, it seeks attorney's fees for the bad faith denial of insurance benefits per K.S.A. 40-256. In its reply, American Family now moves the court to strike the allegations in Count III in their entirety because they are "immaterial and

---

[1] And if they do so file an amended complaint, Ms. Huffman must clarify there that her claim on Count II is not for mere negligence.

impertinent" within the meaning of Rule 12(f).  The court will now address American Family's motion to strike Count III.

The standard for a motion to strike is demanding.  As the undersigned previously has observed:

> Rule 12(f) motions are a generally disfavored, drastic remedy.  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties.  If the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the Court should deny the motion.  If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken.

*PAS Communications, Inc. v. U.S. Sprint, Inc.*, 112 F. Supp. 2d 1106, 1107 (D. Kan. 2000).

In addition to the demanding standard of Rule 12(f), the specific standard of K.S.A. 40-256 precludes the court from granting American Family's motion.  K.S.A. 40-256 governs the award of attorney fees when the defendant is an insurance company.  The Kansas Supreme Court explicitly has held that under this statute, it is an issue of fact whether an insurance company has refused to pay the full amount of an insured's loss without just cause or excuse.  *Koch v. Prudential Ins. Co.*, 470 P.2d 756, 759, 205 Kan. 561 (1970).  It further has held that "whether attorney's fees are to be allowed depends upon the facts and circumstances of each particular case." *Id*.

As a result, American Family's motion to strike is inappropriate.  It fails to cite any law or logic in support of its motion to strike, which makes it conclusory.  Given the demanding standard for a motion to strike, American Family has not met its burden.  As this court has held, because Count III "could succeed under certain facts, [Count III] is not insufficient as a matter

of law and [is] not subject to a Rule 12(f) motion to strike." *Youell v. Grimes*, 2001 WL 121955, *1-2 (D. Kan. 2001).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant American Family's motion to dismiss (doc. # 4) is granted in part and denied in part. Count II is dismissed without prejudice to Plaintiff Huffman filing an amended complaint on or before October 21, 2005. Whether framed as a motion to dismiss or a motion to strike, the motion is denied as to Count III.

**IT IS SO ORDERED** this 12th day of October, 2005.

s/ John W. Lungstrum
John W. Lungstrum
District Judge
